```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
SYLVESTER ANDREWS,                 :
                                   :
        Petitioner,                :   Civ. No. 17-4839 (NLH)
                                   :
   v.                              :   OPINION
                                   :
WARDEN MARK KIRBY,                 :
                                   :
        Respondent.                :
_____:
```

APPEARANCES:

Sylvester Andrews, No. 46253-066
FCI Berlin
P.O. Box 9000
Berlin, NH 03570
    Petitioner Pro se

Anne B. Taylor
U.S. Attorney's Office
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

Petitioner Sylvester Andrews, a prisoner presently confined at the Federal Correctional Institution at Berlin in Berlin, New Hampshire brings this action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence.[1] ECF No. 1. Respondent

---

[1] Petitioner was incarcerated at the Federal Correctional Institution at Fairton in Fairton, New Jersey, when he filed the Petition. See ECF No. 1 at 1. Jurisdiction over habeas petitions is determined at filing, and the district court retains jurisdiction over the petition even if the petitioner is moved out of the district. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Lee v. Zickefoose, No. 12-cv-130, 2012 WL 5403134, at *2 (D.N.J. Nov. 5, 2012).

has moved to dismiss the Petition for lack of jurisdiction. ECF No. 10. For the reasons that follow, the Court will grant the Motion and dismiss the Petition without prejudice.

BACKGROUND

Petitioner is challenging the legality of his underlying criminal conviction from the U.S. District Court for the Eastern District of Pennsylvania and alleges that he is actually innocent, his trial counsel was ineffective, and that he should not have been classified as a career offender because burglaries are not crimes of violence. See id. & ECF No. 1-3 (memorandum of law)

Petitioner is currently serving a 480-month sentence of imprisonment for various drug related offenses including conspiracy, possession with intent to distribute, and distribution of cocaine base, as well as possession of a firearm as a felon and possession of an unregistered firearm. No. 92-cr-671, Dkt. No. 775 (E.D. Pa.) (judgment of conviction for Counts 1, 16, 17, 18, 19, 20, and 22).[2] On June 23, 1993, a jury convicted Petitioner of these crimes in the Eastern District of Pennsylvania. See id., Dkt. No. 589 (jury verdict).

---

[2] Petitioner was initially sentenced to life imprisonment for Count 1, ten years for Counts 19 and 22, ten years for Count 18, thirty years for Count 20, and eighty years for Counts 16 and 17; all concurrent with the life sentence except for Count 18, which is consecutive.

Petitioner's sentence was reduced in 2009 from life imprisonment to 360 months as to Counts 1, 16, 17, 19, and 22 because U.S. Sentencing Guidelines Amendment 505 reduced his base offense level to 38 and his Guidelines range from mandatory life imprisonment to a range of 360 months to life.  Id., ECF No. 1238.  In 2013, his thirty-year term of imprisonment for his second § 924(c) conviction, Count 20, was vacated based in part on the Government's concession that the conviction and sentence violated federal law pursuant to Bailey v. United States, 516 U.S. 137 (1995).  Id., ECF No. 1288.  Petitioner's application for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782, however, was denied.  Id., ECF No. 1353.

In 2016, Petitioner filed a successive motion pursuant to 28 U.S.C. § 2255.  Id., ECF No. 1356.  In that motion, he argued that his incarceration is unlawful because he is not a career offender pursuant to the Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015).  Specifically, he argued that his Pennsylvania burglary convictions did not qualify as crimes of violence.  On November 1, 2017, the Third Circuit granted Petitioner leave to file the successive motion pursuant to § 2255 on the Johnson issue.  See No. 92-cr-671, ECF No. 1369.

While his application for leave to file a successive § 2255 motion was pending with the Third Circuit, Petitioner filed the instant § 2241 petition. No. 17-cv-4839, ECF No. 1. The Respondent filed a Motion to Dismiss the Petition arguing that the Court lacks jurisdiction over the Petition, because his claims may only be brought pursuant to a § 2255 motion and the Court of Appeals for the Third Circuit has granted Petitioner leave to file a successive § 2255 motion. See ECF No. 10. Petitioner filed two briefs in opposition in which he argues that he is actually innocent of the crimes for which he is incarcerated and that his Petition is properly brought pursuant to § 2241. ECF Nos. 9, 10. The Respondent did not file a reply.

STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See

4

Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. § 2243.

DISCUSSION

Given the allegations raised in the Petition, the Court construes the Petition as challenging the legality of Petitioner's conviction and his continued incarceration. As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that

5

the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther

6

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Further, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Amended Petition if, and only if, Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner had an opportunity to seek judicial review of the legality of his conviction and sentence in his prior § 2255 motions[3] and the Third Circuit has granted leave to file a successive § 2255 motion regarding the Johnson issue, an

---

[3] See No. 92-cr-671, ECF Nos. 732, 1018, 1244, 1295, 1318, 1356 (E.D. Pa.)

7

intervening change in the law, by mandate dated November 1, 2017. Because Petitioner still has available as a collateral remedy the § 2255 motion for which he has been granted leave, such motion is not "inadequate or ineffective" to Petitioner.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner has a pending § 2255 motion in the Eastern District of Pennsylvania as permitted by the Third Circuit and thus transfer is unnecessary.

CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and the Petition will be dismissed without prejudice for lack of jurisdiction.[4] An appropriate Order follows.

Dated: June 29, 2018            s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

[4] As the Third Circuit noted in Henry, a dismissal without prejudice of a § 2241 petition will not prevent the Petitioner from appropriately challenging his detention if the circumstances warrant it in the future. Henry, 317 F. App'x at 179-80.

8