```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
SYLVESTER ANDREWS,                  :
                                    :
          Petitioner,               :   Civ. No. 17-4839 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN MARK KIRBY,                  :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Sylvester Andrews, No. 46253-066
FCI Berlin
P.O. Box 9000
Berlin, NH 03570
    Petitioner Pro se

Anne B. Taylor
U.S. Attorney's Office
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

    This matter comes before the Court upon Petitioner Sylvester Andrews' Motions for Reconsideration, requesting reconsideration of this Court's Opinion and Order dismissing his Petition under 28 U.S.C. § 2241 for lack of jurisdiction. See ECF Nos. 13 (motion), 18 (amended motion). For the reasons explained below, the Court will deny reconsideration.

BACKGROUND

    Petitioner initially filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge his underlying

criminal conviction from the U.S. District Court for the Eastern District of Pennsylvania, alleging that he is actually innocent, his trial counsel was ineffective, and that he should not have been classified as a career offender.  See ECF No. 1.  The Respondent moved to dismiss the Petition for lack of jurisdiction.  See ECF No. 8.

In ruling on that Motion, the Court determined that it lacked jurisdiction over the Petition and dismissed it without prejudice.  See ECF Nos. 11 (op.), 12 (order).  Specifically, the Court relied on established Third Circuit case law including In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), and its progeny, which only permit a court to exercise jurisdiction under § 2241 when a petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52.  In Petitioner's case, the Court determined that it lacked jurisdiction over his claims because he had an opportunity to seek judicial review of his conviction and sentence in his prior § 2255 motions and the Third Circuit had granted him leave to file a successive § 2255 motion regarding the Johnson sentencing issue.  See ECF No. 11 at 7-8.

In the Motions for Reconsideration, Petitioner argues that he did not have an opportunity to present his claims in his prior § 2255 motions because he was not granted a hearing in those proceedings, which he believes was warranted in light of the "new evidence" presented in affidavits in support of those motions. See ECF Nos. 13, 18. In addition, Petitioner argues that his second or successive § 2255 motion permitted by the Third Circuit is inadequate because it is limited to his Johnson claim. Id.

STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Kohel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (3d Cir. 2013); Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

A court will not grant a motion for reconsideration where "(1) the movant simply repeats the cases and arguments previously analyzed by the court, . . . or (2) the movant has filed the motion merely to disagree with or relitigate the

3

court's initial decision[.]" Cosh v. United States, No. 12-308, 2013 U.S. Dist. LEXIS 157362, at *3 (D.N.J. Nov. 1, 2013). In other words, a motion for reconsideration "is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." Id.

DISCUSSION

In his Motion for Reconsideration, Petitioner argues that the Court had jurisdiction to hear claims because (1) he was not granted a hearing in his prior § 2255 proceedings and (2) his second or successive § 2255 motion granted by the Third Circuit was limited to the Johnson claim. Neither argument represents an intervening change in the law, presents new evidence, or establishes an error of law or fact that would warrant reconsideration.

As to Petitioner's contention that he did not receive a hearing in his prior § 2255 proceedings, such an argument is not sufficient to grant this Court jurisdiction over Petitioner's claims now brought in a § 2241 petition. The Third Circuit is clear in Dorsainvil that this Court can only exercise jurisdiction over a claim of actual innocence, as a result of a retroactive change in substantive law that negates the criminality of his conduct, and for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52. Here, Petitioner had an opportunity to present his

4

claims in his prior § 2255 proceedings and admits that he provided the new evidence by affidavit with his § 2255 motions – that Petitioner did not receive a hearing in those proceedings does not permit this Court to exercise jurisdiction over those claims.  In addition, the Court cannot exercise jurisdiction over Petitioner's Johnson claim because the Third Circuit has granted him an opportunity to present that claim in a second or successive § 2255 petition.  Petitioner presents no argument or authority that would permit this Court to grant reconsideration.

CONCLUSION

    For the reasons set forth above, the Motions for Reconsideration will be denied.  An appropriate Order follows.


Dated: March 5, 2019                      s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.